# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE CAVANESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv–480−SMY |
| | ) |
| DELANCY, | ) |
| CONSTABLE, | ) |
| REBEA, | ) |
| BLIVINGSTON, | ) |
| ELLENBERG, and | ) |
| LEDBETTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff DeAndre Cavaness, an inmate previously incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. In his Second Amended Complaint, Plaintiff claims the defendants subjected him to cruel and unusual punishment in various ways, in violation of the Eighth Amendment. (Doc. 14). Because Plaintiff brought this action while he was still incarcerated, this case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which

1

relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

During screening, the Court is also permitted to sever any unrelated claims against different defendants into separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Relatedly, the Seventh Circuit has recently warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, -- F. App'x --, 2017 WL 2417889 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them). Therefore, consistent with *George*, *Owens* and *Wheeler*, unrelated claims will be severed into new cases, given new case numbers and assessed separate filing fees.

**The Second Amended Complaint**

Plaintiff makes the following allegations in his Second Amended Complaint (Doc. 14):

2

On April 6, after Defendant Delancy refused to provide Plaintiff with his name, did not give Plaintiff a grievance at his request, failed to bring Plaintiff a lieutenant when asked and did not retrieve a crisis team at Plaintiff's request, Plaintiff "blasted the gallery floor with urine." (Doc. 1, p. 5). Delancy was not on the gallery floor when it happened. *Id.* Delancy sent Defendant Constable, J. Shelton, and a third unknown officer to Plaintiff's cell to cuff him and take him for an evaluation due to his mental illness. *Id.* Plaintiff is mentally ill and is dyslexic. *Id.* Though Constable told Plaintiff that he was being taken to health care, the officers were joined by Delancy and took Plaintiff to a search cell in the visiting area. *Id.*

Plaintiff was denied a sergeant and lieutenant despite the fact that when he realized he was going to be stripped, he asked for one and noted that he "would have to be nude" and had previously been "a victim of officer battery and sexual misconduct." (Doc. 1, pp. 5-6). "Delancy, Shelton, and Constable told [Plaintiff] several times when [he] was questioning [his] safety to shut . . . up and go with what is the program." (Doc. 1, p. 6). Plaintiff removed all of his clothes. *Id.* He was given his underwear bottoms and shoes and was ordered to "cuff up." *Id.* Constable told Plaintiff to face the back wall of the search cell while cuffed. *Id.* Constable then slammed Plaintiff's face into the concrete wall and yelled at Plaintiff. *Id.* Delancy entered and he and Constable proceeded to hit and kick Plaintiff, with his face striking the concrete and his brow split, for three to five minutes while Shelton watched. (Doc. 1, pp. 6-7).

Plaintiff was lead cuffed by another officer and placed back in his cell. (Doc. 1, p. 7). The officer left him without providing him with medical attention or a grievance. *Id.* Defendant Nurse Rebea came to his cell and administered his sleep aid, but failed to notify medical staff or a crisis team of his injuries from the attack per Plaintiff's request. *Id.* Later, Officer Harris arrived and notified lieutenants and majors of Plaintiff's situation. *Id.* Plaintiff then got medical

3

attention and had photos taken. *Id.* He also met with internal affairs the next morning. *Id.*

Since Plaintiff's arrival, Defendant Ellenberg "has been racist and belittlingly belligerent." *Id.* After Plaintiff asked him to stop, Ellenberg still continuously shut off Plaintiff's drinking water. *Id.* Plaintiff needs the water, as he explained to Ellenberg, to take his medication. *Id.*

Defendant Ledbetter "will select trays to be given for groveling in the form of military drilling or calisthenics." *Id.* If these drills are not done, Ledbetter "gives shorted meal[s]." *Id.*

Plaintiff told Defendant Blivingston that he was electrocuted by exposed live wires in a two gallery cell. (Doc. 1, p. 8). Blivingston gave, or threatened to give Plaintiff, a "falsified information ticket if [he] did not re-touch those electric socket bare copper and silver wires where the socket female attachment was removed." *Id.* Plaintiff did not receive medical attention and later brought a grievance. *Id.*

Plaintiff never responded to officer misconduct with assault or battery. *Id.* He did not spit on or punch the officers. *Id.* Plaintiff requests monetary damages. (Doc. 1, p. 9).

## Discussion

Based on the allegations of the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into 6 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

- **Count 1 –** On April 6, Defendants Delancy and Constable subjected Plaintiff to excessive force in violation of the Eighth Amendment.

- **Count 2 –** Defendants Delancy, Constable, and Rebea showed deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by failing to provide him with medical care, or seek medical attention for him, after he was attacked on April 6.

**Count 3 –** Defendant Ellenberg violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by maliciously and continuously shutting off Plaintiff's drinking water despite Plaintiff's need for it in order to take his medications.

**Count 4 –** Defendant Ledbetter violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by requiring him to "grovel" by performing physical tasks in order to receive his full tray.

**Count 5 –** Defendant Blivingston violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by telling him to touch live electric wires after they had already electrocuted him in order to avoid a false disciplinary ticket.

**Count 6 –** Defendant Blivingston showed deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by failing to provide him with medical care, or seek medical attention for him, after he electrocuted by live wires.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

The Court notes that it appears that Plaintiff seeks to bring claims against at least one individual not included in the case caption. Because J. Shelton was not listed in the case caption or list of defendants of the Second Amended Complaint, he will not be treated as a defendant in this case. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

The Court also notes that Plaintiff has brought several distinct sets of claims against different defendants. These claims do not belong together in a single action. Accordingly, and as previously indicated, the Court will exercise its discretion and sever unrelated claims against different defendants into separate cases. *George,* 507 F.3d at 607.

**Severance**

Consistent with *George* and Federal Rule of Civil Procedure 21, the Court will sever Count 3 (relating to Ellenberg's repeatedly and maliciously turning Plaintiff's water off), Count 4 (regarding Ledbetter's requiring Plaintiff to grovel for his food), and Counts 5 and 6 (relating to Blivingston's failure to seek medical care for Plaintiff and telling Plaintiff to touch live electric wires), into separate and distinct actions. These separate actions will have newly assigned case numbers and will be assessed separate filing fees. The severed cases shall undergo preliminary review pursuant to § 1915A after the new case numbers and judge assignments have been made.

Counts 1 and 2 appear to be related and will not be severed. They receive preliminary review below.

**Count 1 – Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff has made sufficient allegations under this standard to state a claim for excessive force against Defendants Delancy and Constable. Count 1 will therefore proceed against them.

### **Count 2 – Deliberate Indifference**

Although Defendants Delancy and Constable are not medical providers, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Thus Delancy and Constable, who allegedly perpetrated the assault and did not assist Plaintiff in getting immediate medical attention for his injuries, may plausibly be found liable for deliberate indifference to Plaintiff's need for medical care. Therefore, Plaintiff's claim against Delancy and Constable will be allowed to proceed at this juncture.

Plaintiff's deliberate indifference claim against Defendant Rebea will also be allowed to proceed. The Eighth Amendment protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

Plaintiff has met both of these standards at the pleading stage. His injuries were ultimately deemed worthy of attention, though Nurse Rebea failed to seek medical attention for him initially despite his request for the same. Count 2 will therefore also proceed against Rebea

**Pending Motions**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 15) is **DENIED** as moot. Plaintiff has already been granted leave to proceed *in forma pauperis* in this case.

Plaintiff's Motions for Appointment of Counsel (Docs. 3, 16) are hereby **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision in this action. The Court will also direct the Clerk to file the motions in the cases being severed from this action.

Plaintiff's Motion in Limine (Doc. 23) is **DENIED** without prejudice as premature.

Plaintiff's Motion for Change of Venue (Doc. 21) and Motion to Discover All Document of Object Tangible Video Audio etc Listed (Doc. 22) are hereby **STRICKEN**. These motions were not signed by Plaintiff, and Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **DELANCY** and **CONSTABLE**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **DELANCY**, **CONSTABLE**, and **REBEA**.

**IT IS FURTHER ORDERED** that **COUNT 3,** which is unrelated to the other claims in this action, is **SEVERED** into a new case against **ELLENBERG**.

**IT IS FURTHER ORDERED** that **COUNT 4**, which is unrelated to the other claims in this action, is **SEVERED** into a new case against **LEDBETTER**.

**IT IS FURTHER ORDERED** that **COUNTS 5** and **6**, which are unrelated to the other claims in this action, are **SEVERED** into a new case against **BLIVINGSTON**.

The claims in the newly severed cases shall be subject to screening pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In the new cases, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Second Amended Complaint (Doc. 14);
- Plaintiff's motion to proceed *in forma pauperis* (Doc. 2);
- Plaintiff's trust fund account statement (Doc. 9); and
- Plaintiff's Motions for Appointment of Counsel (Docs. 3, 16).

Plaintiff **will be responsible for an additional $350 filing fee** in each newly severed case.[1] No service shall be ordered in the severed cases until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that the *<u>only claims remaining in this action are Counts 1 and 2</u>*.

**IT IS FURTHER ORDERED** that Defendants **ELLENBERG**, **LEDBETTER**, and **BLIVINGSTON** are **TERMINATED** from **this** action with prejudice.

**IT IS ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **DELANCY**, **CONSTABLE**, and **REBEA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to these defendants' places of employment as identified by Plaintiff. If these defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on them, and the Court will require them to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status is granted.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 31, 2017**

                                          s/ STACI M. YANDLE

                                          **U.S. District Judge**