IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE CAVANESS, # R-29951, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-1193-SMY |
| ) | |
| LEDBETTER, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case was severed on October 31, 2017 from *Cavaness v. Delancy, et al.*, Case No. 17-cv-480-SMY-RJD (S.D. Ill.). (Doc. 1). It contains the claim designated as Count 4 in the original case, described as follows:

> **Count 4** – Defendant Ledbetter violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by requiring him to "grovel" by performing physical tasks in order to receive his full tray.

Plaintiff Deandre Cavaness filed the original civil rights action pursuant to 42 U.S.C. § 1983 on May 8, 2017, while he was incarcerated at Menard Correctional Center ("Menard"). He was released from prison later that month.[1] His claim is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28

---
[1] The website of the Illinois Department of Corrections shows that Plaintiff's parole was revoked and he was returned to IDOC custody on November 1, 2017. Illinois Department of Corrections, Offender Search page, http://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited Dec. 4, 2017).

1

U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claim survives threshold review under § 1915A.

## The Complaint (Doc. 2)

The operative Complaint was filed in the original action as the Second Amended Complaint. (Doc. 14). Plaintiff's factual allegations relating to Count 4 are as follows.

While Plaintiff was confined at Menard, Officer Ledbetter routinely subjected him to "Jim Crow based groveling" as a prerequisite to receiving food. (Doc. 2, p. 3). More specifically, Ledbetter would select "trays to be given for groveling in the form of military drilling or calisthenics." (Doc. 2, p. 5). If the drills were not completed, Ledbetter would give "shorted" meals. (Doc. 2, pp. 3, 5).

Plaintiff requests monetary damages for the violation of his rights. (Doc. 2, p. 9).

## Merits Review of Count 3 Pursuant to 28 U.S.C. § 1915A

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To prevail on an Eighth Amendment claim, the plaintiff must show that the defendants denied him "the minimal civil measure of life's necessities." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). This includes adequate food and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The plaintiff also must show that the defendants knew he faced a "substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Gillis*, 468 F.3d at 491 (quoting *Farmer*, 511 U.S. at 847).

Missed meals do not constitute an Eighth Amendment violation when the missed meals result from the prisoner's choice not to comply with a valid rule. *In Rodriguez v. Briley*, 403 F.3d 952, 952 (7th Cir. 2005), the Seventh Circuit found no Eighth Amendment violation where a prisoner missed 300-350 meals in an eighteen-month period because he refused to store certain of his belongings in a storage box before leaving his cell. *Id*. at 953. The Court found that the plaintiff could have left his cell and gone to the cafeteria at any time if he had put his belongings in the storage box and concluded that "deliberate noncompliance with a valid rule does not convert the consequences that flow automatically from that noncompliance into punishment." *Id*.

The Seventh Circuit reached a similar conclusion in *Freeman v. Berge*, 441 F.3d 543, 544-45 (7th Cir. 2006). In *Freeman,* the plaintiff refused to comply with a rule which required that inmates – who were in solitary confinement and fed in their cells – must be standing in the middle of their cells, with the lights on, wearing trousers or gym shorts in order to get their food delivered. The plaintiff was denied food because he refused to put his pants on. Finding no Eighth Amendment violation, the Court explained:

> [T]here is a difference between using food deprivation as a punishment and establishing a reasonable condition to the receipt of food. Suppose that when a guard delivered a food tray to Freeman, Freeman hurled it at the guard. Freeman would have missed a meal but it would be a consequence not of punishment but of a reasonable condition of being fed-that you not throw back the food in the server's face. In such a case Freeman would be the author of his deprivation rather than a victim of punishment.

441 F.3d at 545.

Here, Plaintiff's complaint allegations distinguish him from the plaintiffs in *Rodriguez* and *Freeman*. Plaintiff was not "the author of his deprivation." That is, Plaintiff could not insure that he received his meals by simply complying with a valid prison rule. Instead,

4

according to the Complaint, Ledbetter, without any apparent justification, "shorted" food if Plaintiff's "groveling" was insufficient. It is unclear how much food was withheld, how many times Plaintiff had to "grovel" to receive his meals, and exactly what the alleged groveling entailed. That said, reading Plaintiff's Complaint liberally, the Court cannot rule out the possibility that Ledbetter's conduct amounts to a constitutional violation.

Accordingly, Plaintiff's Eighth Amendment claim against Ledbetter (originally labeled as **Count 4**) will proceed for further review.

## Pending Motion

Plaintiff's motions for recruitment of counsel (Docs. 4 & 5) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

The Clerk of Court shall prepare for Defendant **LEDBETTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Docs. 4 & 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.[2] This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 13, 2017**

---

[2] The Clerk of Court notified Plaintiff of his obligation to promptly inform the Court of any change in his address, when this severed case was opened on October 31, 2017. (Doc. 6). The Clerk's letter was mailed to Plaintiff's most recent address of record, 5500 Lake St., Chicago, IL 60644, and the envelope has not been returned to the Clerk.

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**