IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE CAVANESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-1193-SMY-RJD |
| | ) |
| LEDBETTER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is before the Court on the Court's Order to Show Cause (Doc. 17). For the following reasons, this matter is **DISMISSED WITH PREJUDICE**.

Plaintiff DeAndre Cavaness, an inmate of the Illinois Department of Corrections ("IDOC"), filed a lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Following threshold screening, Count 4 of Plaintiff's Complaint was severed into the instant case (Doc. 1). Plaintiff is proceeding in this case against Defendant Ledbetter for a violation of his Eighth Amendment right to be free from cruel and unusual punishment by requiring him to "grovel" by performing physical tasks in order to receive his full meal tray.

On October 31, 2017, the Court issued the Order severing this case from Plaintiff's original Complaint. On December 15, 2017, the Clerk of Court sent a Request for Waiver to Defendant "Ledbetter" (Doc. 9). The Waiver of Service was returned unexecuted on December 19, 2017 (Doc. 10). The Clerk sent a new Request for Waiver the following day. The second Waiver was returned unexecuted as to Ledbetter because the facility could not identify who "Ledbetter" was as referenced in the Complaint (Doc. 13).

On January 22, 2018, the Court issued an Order requiring Plaintiff to provide additional information to the Clerk of Court to identify Defendant Ledbetter (Doc. 15). On January 29, 2018, Plaintiff filed a motion that appears to be an offer to forfeit his civil claim in exchange for a reduction of his sentence in his criminal case (Doc. 16). However, Plaintiff failed to provide any additional information to identify Defendant Ledbetter. As a result, on February 26, 2018, the Court issued an Order to Show Cause as to why the case should not be dismissed for Plaintiff failing to provide identifying information for the defendant (Doc. 17). Plaintiff failed to respond to the Court's Show Cause Order.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Under Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Though dismissal is left up to the discretion of district courts, courts are strongly encouraged to provide an explicit warning before a case is dismissed; especially where the litigant is *pro se*. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). Based upon a review of the record and upon consideration of the applicable law, the Court will dismiss this case for failure to prosecute.

Plaintiff has repeatedly exhibited disregard for this Court's Orders. Specifically, Plaintiff was ordered to provide more information to identify the defendant on January 22, 2018, and was issued an additional warning on February 26, 2018. The Court finds that the Plaintiff's inaction demonstrates a clear record of delay and contumacious conduct that has needlessly delayed this litigation. It is apparent that Plaintiff has lost interest in litigating this matter against this defendant.

Accordingly, this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to **CLOSE** this case to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 27, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
